UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MICHAEL L. PASTERNAK,

        Plaintiff,

  -v-                                                 No.  10 Civ. 5045 (LTS)(JLC)

DOW KIM a/k/a DO WOO KIM,

        Defendant.
--------------------------------------------------------x

## MEMORANDUM ORDER

        Plaintiff Michael L. Pasternak ("Plaintiff") brings this action against Dow Kim ("Defendant") asserting claims for fraud in the inducement and negligent misrepresentation under New York common law.  Specifically, Plaintiff alleges that he turned down a lucrative offer from Morgan Stanley to work at Defendant's newly formed hedge fund, on the basis of Defendant's representations that he had secured substantial capital commitments.  The hedge fund ultimately failed and Plaintiff's employment was terminated.  The parties have cross-moved for summary judgment.  This Court has jurisdiction of the action under 28 U.S.C. § 1332.  The Court has carefully considered all of the parties' submissions and arguments, and denies both motions for summary judgment in their entirety.

        Defendant moves for summary judgment as to the fraud in the inducement claim, arguing that Plaintiff cannot establish that he reasonably relied on Defendant's representations about capital commitments, nor establish intent to defraud.  Defendant also contends that Plaintiff's negligent misrepresentation claim fails because Plaintiff cannot establish that there was a "special relationship" between the parties.  Defendant further moves to dismiss both claims for failure to adduce evidence that the alleged misrepresentations were the proximate

cause of Plaintiff's damages.  Finally, Defendant argues that, by signing the Partnership Agreements and confirming his commitment to securing more equity for Defendant's fund after learning that the entities that had promised capital were reducing their commitments, Plaintiff waived his right to pursue any misrepresentation claims.  Plaintiff moves for summary judgment as to Defendant's liability for both claims and seeks a trial on the damages issue alone.

The Court finds that genuine issues of material fact exist as to whether Plaintiff relied on the allegedly fraudulent representations by Defendant, whether any such reliance was reasonable, and whether Defendant intentionally misrepresented the capital commitments.  The Court further finds genuine issues of material fact as to whether the parties had a "special relationship," as required to state a negligent misrepresentation claim.  Plaintiff's damages proffers are also sufficient to frame genuine issues of fact for trial.  As to Defendant's waiver argument, the Court finds that a genuine dispute exists as to whether Plaintiff signed the Partnership Agreements or signaled his commitment to securing more capital for the fund <u>after</u> he became aware of Defendant's alleged misrepresentations.

Accordingly, both motions for summary judgment are denied.  A Final Pre-trial Conference will be held in this matter on **May 23, 2013, at 11:00 a.m.**

This Memorandum Order resolves docket entries nos. 43, 47 and 106.

SO ORDERED.

Dated: New York, New York
       March 18, 2013

>                    /S
>         LAURA TAYLOR SWAIN
>         United States District Judge