UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHAEL L. PASTERNAK,

        Plaintiff,

  -v-                                      No.  10 Civ. 5045 (LTS)

DOW KIM a/k/a DO WOO KIM,

        Defendant.

--------------------------------------------------------x

## MEMORANDUM ORDER

        Defendant Dow Kim ("Defendant") seeks reconsideration pursuant to Local Civil Rule 6.3 of the Court's March 18, 2013, Memorandum and Order (the "March 18 Order") denying his motion for summary judgment dismissing the complaint.  For the foregoing reasons, Defendant's motion is denied.

        The standard of review for a motion for reconsideration, found in Local Civil Rule 6.3, is the same as that under Federal Rule of Civil Procedure 59(e).  Local Civ. R. 6.3; Fed. R. Civ. P. 59(e); <u>Williams v. N.Y. City Dep't of Corr.</u>, 219 F.R.D. 78, 83 (S.D.N.Y. 2003). The movant bears the heavy burden of demonstrating that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion."  <u>Mina Inv. Holdings Ltd. v. Lefkowitz</u>, 184 F.R.D. 245 (S.D.N.Y. 1999).  Moreover, Local Rule 6.3 generally precludes a movant from "advancing new facts, issues or arguments not previously presented to the court." <u>United States v. Tillman</u>, 07 Cr. 1209(LTS), 2009 WL 1270301, at *1 (S.D.N.Y. May 6, 2009) (internal quotations omitted).  A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that

the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).  Nor is it a chance for a party to take a "second bite at the apple."  Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008).

Defendant's motion argues that the Court overlooked controlling authority – specifically, the holding in Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531 (2d Cir. 1997).  Defendant's motion for summary judgment discussed Lazard at length and the Court was aware of that holding when it denied the Defendant's motion.  Defendant's motion for reconsideration is therefore denied.  This Memorandum Order resolves docket entries no. 123 and 125.

SO ORDERED.

Dated: New York, New York
May 15, 2013

                                                          /S                        
LAURA TAYLOR SWAIN
United States District Judge