UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL L. PASTERNAK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **10 Civ. 5045 (LTS:JLC)** |
| -against- | : | |
| | : | |
| DOW KIM, also known as DO WOO KIM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## AMENDED JOINT PRETRIAL STATEMENT

Plaintiff Michael L. Pasternak ("Plaintiff" or "Pasternak") and Defendant Dow Kim

("Defendant" or "Kim") hereby respectfully submit this Joint Pretrial Statement.

a.   **Statement of Legal Issues to be Decided**

1.   Plaintiff's Statement of Legal Issues to be Decided.[1]

**A.     Fraud in the Inducement**

i.   The legal issues to be decided are whether Defendants committed fraud in

the inducement when:

(a) in connection with inducing Plaintiff to accept Defendant's offer,
Defendant (1) made one or more misrepresentations that were
material to Plaintiff's decision to accept Defendant's offer,
including informing Plaintiff that he had capital commitments in
the range from $1 to $2 billion from investors who would also be
purchasing minority interests in his fund, and that there was no
start-up risk and/or (2) failed to disclose information that
Defendant had a duty to disclose and that was material to
Plaintiff's decision;

(b) Defendant made such material misrepresentations and/or failed
to disclose material information, acted knowingly or recklessly

---

[1] In addition to the legal issues set forth herein, Plaintiff hereby incorporates by reference the
legal issues raised in his motions in limine.

and with the intent to deceive Plaintiff into accepting his offer; and,

(c) that Plaintiff in deciding to accept Defendant's offer, actually and reasonably relied on Defendant's misrepresentations and/or relied on his belief that Defendant had not omitted to disclose the information that Defendant failed to disclose, and whether Plaintiff's reliance was justified, and he was under no duty to investigate Defendant's representations because the matters Defendant was representing were peculiarly within his knowledge.

ii.    Whether an affirmative defense of lack of justifiable reliance, as interposed by Defendant, is legally cognizable where Plaintiff has the burden of proof to establish the reasonable reliance element of his fraudulent inducement claim.

iii.    The further legal (and factual) issue to be decided is whether Plaintiff

suffered damage but for Defendant's misrepresentations.

**B.    Negligent Misrepresentation**

i.    The legal issue to be decided is whether Defendant made negligent

misrepresentations to Plaintiff, when:

(a) Defendant exercised carelessness in imparting words informing Plaintiff that he had capital commitments in the range from $1 to $2 billion from investors who would also be purchasing minority interests in his fund, and that there was no start-up risk;

(b) Plaintiff was expecting to rely to rely on those words and Defendant had an awareness that the information he was imparting to Plaintiff, relating to the extent of investor commitments to the fledgling hedge fund, would be used by Plaintiff to choose between Defendant's offer and the competing offer from MSIM;

(c) Plaintiff acted on those words in rejecting the Morgan Stanley offer and accepting Defendant's offer;

(d) Plaintiff's reliance on the alleged representation was to his detriment and he was damaged thereby; and,

2

(e) Defendant was bound to Plaintiff by some relation or duty
of care to give correct information to Plaintiff.

**C.      Punitive Damages**

    i.   Whether Plaintiff is entitled to seek punitive damages in this action.

    ii.   If so, whether Defendant is obligated at this time to disclose information
relating to his wealth.

2.      Defendant's Statement of the Legal Issues to be Decided.

Defendant hereby submits the following concise statement of legal issues to be decided

regarding Pasternak's two (2) causes of action, and Kim's affirmative defenses to those causes of

action, pursuant to the Court's December 10, 2010 Pre-Trial Scheduling Order.[2]

**A. Fraudulent Misrepresentation** – The legal issues to be decided are whether:

    i.  Kim made representations to Pasternak in June/July, 2007, regarding the amount of
capital committed by third party investors to Diamond Lake;

    ii.  Those representations were false;

    iii.  Kim knew any such representations were false;

    iv.  Kim made any such representations for the purpose of inducing Pasternak to decline
his alleged offer at Morgan Stanley and join Diamond Lake;

    v.  Pasternak's reliance on Kim's alleged representations was reasonable; and

    vi.   By joining Diamond Lake and turning down Morgan Stanley, Pasternak suffered
damages.

**B. Negligent Misrepresentation**  - The legal issues to be decided are whether:

    i.  Kim had a duty, as a result of a special relationship with Pasternak, to give correct
information to him;

    ii.  In July, 2007, Kim made a false representation to Pasternak regarding the amount of
capital committed by third party investors to Diamond Lake;

---

[2] In addition to the legal issues set forth herein, Kim hereby incorporates by reference the legal
issues raised in his motions in limine.

        iii.  The alleged representation Kim made was known by him to be used by Pasternak for a serious purpose;

        iv.  Pasternak relied on the alleged representation; and

        v.  Pasternak's reliance on the alleged representation was to his detriment.

**3. Kim's Affirmative Defense to both claims** – The legal issues to be decided are:

Whether Pasternak reasonably relied on Kim's alleged representations by conducting the legally required amount of due diligence before accepting Kim's offer to join Diamond Lake.

b.  **Statement of Material Facts Not in Dispute**:

The parties have been unable to reach agreement as to the material facts not in dispute.

c.  **Witnesses Lists**

Plaintiff's Witness List (witnesses marked with an asterisk may be called if the need arises)

    1.  **Mark Berry**
        303-1 Hardscrabble Road
        Bernardsville, N.J. 07924
        908-221-0114

        Mr. Berry will be called to testify, among other things, about his discussion with Plaintiff in early July, 2007, concerning Plaintiff's inquiries about the Defendant and the other matters set forth in the declaration he submitted in this action.

    2.  **Frank Carr**
        c/o Holman Law
        475 Park Avenue South, 12th Floor
        New York, N.Y. 10016
        (212) 481-1336

        Mr. Carr will be called to testify, among other things, about his expert report prepared in connection with this case and the declaration he submitted in this case.

    3.  **Namuk Cho**
        c/o Kim Michael, Esq.
        Wechsler & Cohen, LLP
        17 State Street, 15th Floor
        New York, N.Y. 10004

212-847-7914

Mr. Cho will be called to testify, among other things, about representations made by Defendant to Mr. Cho during the recruiting process and other statements made by Defendant to Diamond Lake Investment Group partners and staff during June 2007 to May 2008 and the other matters set forth in the declaration he submitted in this action.

4.    **Chinh H. Dao**
757 3rd Avenue, Suite 2013
New York, N.Y. 10017
212-376-5065.

Mr. Dao will be called to testify about his relationship with Defendant, his introduction of Plaintiff to Defendant in June, 2007, the statements he made to Plaintiff, during Plaintiff's due diligence investigation, Mr. Dao's personal knowledge and information about the Defendant and the other matters set forth in the declaration he submitted in this action.

5.    **Vitaly Dukhon**
c/o Usher Winslett, Esq.
Winslett Studnicky McCormick & Bomser LLP
6 East 39th Street, 8th Floor, New York, N.Y. 10016-0112
(646) 688-5424 (hereafter, "the Winslett firm")

Mr. Dukhon will be called to testify, among other things, about representations made by Defendant to Mr. Dukhon during the recruiting process. Mr. Dukhon will also be called to testify about statements made by Defendant to Diamond Lake Investment Group partners and staff during July 2007 to May 2008 and the other matters set forth in the declaration he submitted in this action.

6.    **J. David Germany, Ph. D.**
525 Market Street
Los Angeles, California 94105
415-396-8000

Mr. Germany will be called to testify, among other things, about offers of employment he made to Plaintiff on behalf of Morgan Stanley Investment Management in 2007, the benefits and value of the employment offer, the duties and responsibilities of the position and the other matters about which he provided deposition testimony in this action.

7.    **Timothy Grell**

105 South Terrace
Short Hills, N.J. 07078
973-258-1976

Mr. Grell will be called to testify, among other things, about statements he made to Plaintiff, during Plaintiff's due diligence investigation, concerning Mr. Grell's personal knowledge and information about the Defendant and the other matters set forth in the declaration he submitted in this action.

8.      **John Hompe**
        787 Seventh Avenue, 4th floor
        New York, N.Y. 10019
        212-887-7797

Mr. Hompe will be called to testify, among other things, about statements he made to Plaintiff, during Plaintiff's due diligence investigation, and the other matters set forth in the declaration he submitted in this action.

9.      **Michael Karp**
        c/o Joel A. Klarreich; Tannenbaum Helpern Syracuse & Hirschtritt, LLP
        900 Third Avenue, New York, New York 10022
        (212) 508-6747

Mr. Karp will be called to testify, among other things, about the statements made to him by Defendant while he was employed by the Defendant as a recruiter to aid Defendant in locating qualified investment professionals for Diamond Lake Investment Group and the other matters set forth in the affidavit he submitted in this action.

10.     **Michael Kelley**
        c/o the Winslett firm

Mr. Kelley will be called to testify, among other things, about representations made by Defendant to Mr. Kelley during the recruiting process. Mr. Kelley will also be called to testify about statements made by Defendant to Diamond Lake Investment Group partners and staff during the July 2007 to May 2008 and the other matters set forth in the declaration he submitted in this action.

11.     **Dow Kim**
        c/o Cole Schotz Meisel Forman & Leonard, PA
        900 Third Avenue
        New York, N.Y. 10023

Mr. Kim will be called to testify, among other things, about statements he made to Plaintiff during the recruiting process, his discussions with potential investors, statements he made to Plaintiff and other Diamond Lake staff during June 2007 to May 2008, and other matters contained in the testimony he provided in his deposition in this action, and, addressed by documents produced by parties and non-parties in this action.

12. **David A. Milich**
Cyrus Capital Partners, L.P.
399 Park Avenue, 39th Floor, New York, NY  10022
212-380-5823

Mr. Milich will be called to testify, among other things, about representations made by Defendant to Mr. Milich during the recruiting process, his discussions with potential investors and statements he, Defendant and others made to Plaintiff and other Diamond Lake staff during June 2007 to May 2008 and other matters contained in the testimony he provided in his deposition in this action, and, in documents produced by parties and non-parties in this action.

13. **Michael L. Pasternak**
c/o Holman Law
475 Park Avenue South, 12th Floor
New York, N.Y. 10016

Mr. Pasternak will be called to testify, among other things, about his claims against Mr. Kim, the statements made by Defendant to him during the recruiting process, his damages, his search for employment after termination from Diamond Lake Investment Group, and other matters. Mr. Pasternak also may be called to testify about statements made by Defendant to Diamond Lake partners and staff during the July 2007 to May 2008.

14. **Dr. Stephanie Plancich**
c/o Holman Law
475 Park Avenue South, 12th Floor
New York, N.Y. 10016

Dr. Plancich will be called to testify, among other things, about her expert reports prepared in connection with this case and the declarations she submitted in this case.

15. **Michael Philipp**
c/o Brian A. Burns, Esq., Duval & Stachenfeld LLP,
555 Madison Avenue, 6th Floor,

New York, N.Y. 10178
212-692-5547

Mr. Philipp will be called to testify (via his videotaped deposition) about
meetings and discussions with Defendant relating to an investment of
capital to Diamond Lake Investment Group from Credit Suisse. He may
also be called to testify about internal discussions among Credit Suisse
executives relating to investing capital with Diamond Lake Investment
Group. Mr. Philipp is beyond the subpoena power of this Court, and his
attorney has represented that Mr. Philipp is not willing to appear at the
trial. It is expected, therefore, that a video deposition of his testimony will
be presented at the trial.

16.    **Warren Silver**
        c/o the Winslett firm

        Mr. Silver will be called to testify, among other things, about
        representations made by Defendant to Mr. Silver during the recruiting
        process and statements made by Defendant to Diamond Lake partners and
        staff during the July 2007 to May 2008.

17.    **Christopher Sullivan**
        c/o Fidelity Management & Research Company
        Fixed-Income Division, Bond Group,
        Merrimack, New Hampshire;
        603-791-6611

        Mr. Sullivan will be called to testify, among other things, about statements
        he made to Plaintiff, during Plaintiff's due diligence investigation,
        concerning Mr. Sullivan's knowledge and information about the
        Defendant.

18.    **Macauley Taylor**
        12 E. 49th St. 17th Fl.,
        New York, N.Y. 10017
        212-792-4480

        Mr. Taylor will be called to testify, among other things, about statements
        he made to Plaintiff, during Plaintiff's due diligence investigation, and the
        matters set forth in the declaration he submitted in this case.

19.    **Karl J. Wachter, Esq.**
        c/o David Parker, Esq., Kleinberg, Kaplan, Wolff and Cohen,
        551 Fifth Avenue, New York, N.Y. 10176;
        212-880-9880

Mr. Wachter will be called to testify, among other things, about representations made by Defendant to Mr. Wachter during the recruiting process, statements made by Defendant to Diamond Lake partners and staff during December 2007 to May 2008, discussions he had with Mr. Kim and others, and other matters which were addressed in his deposition in this action.

20.     **David Ambler***
        27 Marion Road,
        Montclair, NJ 07043
        1-973-464-5070.

        Mr. Ambler may be called to testify about representations made by Defendant to Mr. Ambler during his hiring process and during the February 2008 to May 2008 time period. Mr. Ambler may also be called to testify about the efforts made by Plaintiff to seek employment after his termination.

21.     **James Bernard***
        c/o Brian A. Burns, Esq.

        Mr. Bernard may be called to testify about meetings and discussions he had with Defendant about an investment of capital to Diamond Lake Investment Group from Credit Suisse. He may also be called to testify about internal discussions among Credit Suisse executives relating to investing capital with Diamond Lake Investment Group.

22.     **Brian A. Burns, Esq.***
        Duval & Stachenfeld LLP
        555 Madison Avenue, 6th Floor
        New York, N.Y. 10022
        (212)692-5547

        Mr. Burns may be called to testify about the authenticity of documents provided relating to Credit Suisse, if necessary.

23.     **Brady Dougan***
        c/o Brian A. Burns, Esq.

        Mr. Dougan may be called to testify about meetings and discussions with Defendant about an investment of capital to Diamond Lake Investment Group from Credit Suisse. He may also be called to testify about internal discussions among Credit Suisse executives relating to investing capital with Diamond Lake Investment Group.

24.     **Ryan Gelrod***

1002 Kingsdown Court
Ambler, PA

Mr. Gelrod may be called to testify, among other things, about representations made by Defendant to Mr. Gelrod during his hiring process during February 2008. Mr. Gelrod will also be called to testify about statements made to the Diamond Lake Investment Group by Defendant during the February 2008 to May 2008 time period.  Mr. Gelrod may also be called to testify about the efforts made by Plaintiff to seek employment after his termination.

25.     **Robert Halcrow\***
        Thames Court,
        1 Queenhithe, London EC4V 3RL, England
        +44 20 7809 3000

        Mr. Halcrow may be called to testify, among other matters, about statements he made to Plaintiff, during Plaintiff's due diligence investigation.

26.     **Ahmed Ben Halim\***
        c/o The Capital Partnership Ltd.,  Capital House,
        11 Upper Grosvenor Street, Mayfair, London W1K 2ND, England
        +44 20 7355 8000

        Mr. Ben Halim may be called to testify, among other matters, about statements he made to Plaintiff, during Plaintiff's due diligence investigation.

27.     **Nancy Johnson\***
        c/o the Winslett firm

        Ms. Johnson may be called to testify, among other things, about representations made by Defendant during the recruiting process, statements made by Defendant to Diamond Lake partners and staff during December 2007 to May 2008, and discussions she had with Mr. Kim and others.

28.     **Nina Murphy\***
        c/o the Winslett firm

        Ms. Murphy will be called to testify, among other things, about representations made by Defendant to Ms. Murphy during the recruiting process. Ms. Murphy will also be called to testify about statements made by Defendant to Diamond Lake partners and staff during July 2007 to May

2008 and about the matters set forth in the declaration she submitted in this action.

**29.   Philip Vasan***
        c/o Brian A. Burns, Esq.

Mr. Vasan may be called to testify about meetings and discussions with Defendant about an investment of capital to Diamond Lake Investment Group from Credit Suisse. He may also be called to testify about internal discussions among Credit Suisse executives relating to investing capital with Diamond Lake Investment Group.

Defendant's Witness List

**1. Dow Kim** – c/o Cole Schotz Meisel Forman & Leonard, PA, 900 Third Ave., New York, NY, 10023. It is anticipated that Kim will testify regarding, among other things, Plaintiff Michael Pasternak's ("Pasternak") claims and Kim's defenses including (i) the negotiations and communications among Diamond Lake Investment Group GP ("Diamond Lake") and its investors; and (ii) negotiations and communications between Diamond Lake and Pasternak.

**2. Michael Pasternak** – c/o Holman Law, 475 Park Avenue South, 12th Floor, New York, NY, 10016. It is anticipated that Pasternak will testify regarding his claims brought against Kim as set forth in the Amended Complaint, among other things.

**3. Robert Flohr** – flohrassociates@aol.com - It is anticipated that Mr. Flohr will testify regarding, among other things, negotiations and communications to/from Diamond Lake and Credit Suisse regarding capital investments in Diamond Lake.

**4. David Milich** – c/o Cyan Partners, LP, 1251 Avenue of the Americas, 28th Floor, New York, NY, 10020. It is anticipated that Mr. Milich will testify regarding, among other things, (i) the negotiations and communications among Diamond Lake and its investors; and (ii) negotiations and communications between Diamond Lake and Pasternak.

**5. Shinji Yoshikawa** – shinji.yoshikawa@gmail.com – It is anticipated that Mr. Yoshikawa will testify regarding, among other things, negotiations and communications among Diamond Lake and its investors; and (ii) negotiations and communications between Diamond Lake and its principals and employees.

**6. Jun Muto** – 402 4-9-9 Shirokane, Minato-ku, Toyko, Japan, 108-0072. It is anticipated that Mr. Muto will testify regarding, among other things, negotiations and communications among Diamond Lake and its potential investors.

**7. Andrew Kim** – c/o Woori Bank, 203 Hoehyun-Dong 1-Ga Chung-gu, Seoul, 100-792, Korea. It is anticipated that Mr. Kim will testify regarding, among other things, negotiations and communications among Diamond Lake and its potential investors.

**8. Norman Harrison** – c/o FTI Consulting, 1101 K Street, NW, Washington, DC, 20005. It is anticipated that Mr. Harrison will testify regarding, among other things, his expert report prepared in connection with this case.

**9. Tsvetan Beloreshki** – c/o FTI Consulting, Three Times Square, New York, NY, 10036. It is anticipated that Mr. Beloreshki will testify regarding, among other things, his expert report prepared in connection with this case.

**10. Amy Margolis** – c/o Joel Klarreich, Tannenbaum Helpern Syracuse & Hirschtritt, LLP, 900 Third Avenue, New York, NY, 10022. It is anticipated that Ms. Margolis will testify regarding, among other things, Merrill Lynch's involvement and/or proposed investment with Diamond Lake.

**11. Authentication witnesses as necessary** – A representative of the following may be called to testify if necessary to authenticate documents:

> Merrill Lynch Representative
> 4 World Financial Center
> 250 Vesey Street
> New York, NY  10080
> (212) 945-3834
>
> Woori Representative
> c/o Woori Bank
> 245 Park Avenue, #4302
> New York, NY 10167
> (212) 949-1900
>
> Daiwa Representative
> c/o Daiwa Asset Management
> Financial Square, 11th Floor
> 32 Old Slip
> New York, NY 10005-3538
> (212) 612-6250

**d.**     <u>Exhibit Lists</u>

The parties have attached final exhibit lists for all exhibits to be offered at trial. The

Plaintiff's Final Exhibit List is attached as Attachment A. The Defendant's Final Exhibit List is

attached as Attachment B.

**e.**     <u>Depositions to be Offered at Trial</u>

The Plaintiff has attached a list of depositions to be offered at trial as Attachment C.

Defendant has attached a list of depositions to be offered at trial as Attachment D.

**f.**     <u>Stipulations</u>

The parties have not yet reached any stipulations.

**g.**     <u>Statements as to Whether the Case is to be Tried Before a Jury</u>

**1. Plaintiff**

Plaintiff's position is that the case should be tried to a jury before the District Judge.

**2. Defendant**

Defendant's position is that the case should be tried to a jury before the District Judge.

**h.**     <u>Statement Regarding Consent to Trial Before a Magistrate Judge</u>

All parties do not consent to trial before a magistrate judge.

**i.**     <u>Estimated Time Required for Trial</u>

Plaintiff estimates that it will take approximately 5 trial days to present his case, but

reserves the right to modify that estimate if necessary. Defendant estimates it will take three trial

days to present his case, but reserves the right to modify that estimate if necessary.

DATED: New York, New York          HOLMAN LAW, P.C.
        July 22, 2013

                                                    By:  /s/ Thomas A. Holman
                                                         Thomas A. Holman (TH 2094)
                                                         475 Park Avenue South, 12th Floor
                                                         New York, New York 10016
                                                         (212) 481-1336 (voice)
                                                         (866) 204-1020 (fax)
                                                         *Attorneys for Plaintiff*


DATED:  New York, New York         COLE, SCHOTZ, MEISEL,
        July 22, 2013                     FORMAN & LEONARD, P.A.

                                                      By:  /s/ Leo V. Leyva
                                                           Leo V. Leyva (LL 9061)
                                                         Jed Weiss (JW 5293)
                                                         900 Third Avenue, 16th Floor
                                                         New York, New York  10022
                                                         (646) 563-8922
                                                         (646) 521-2022
                                                         *Attorneys for Defendant*